**Roumen I. IANKOV; Edita Savova Iankov, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent**

No. 00–70063.

BIA Nos. A7–069–510 A7–069–512.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Oct. 11, 2001.

Before B. FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

MEMORANDUM *

Husband and wife Roumen I. Iankov and Edita Iankova appeal the Board of Immigration Appeals (BIA) decision denying them asylum in the United States. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

In ruling against Iankov and Iankova on their appeal from the Immigration Judge's (IJ) decision, the BIA made two separate

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

findings. First, it ruled that none of the events described by Iankov in his testimony amounted to persecution. Second, the BIA determined that Iankov and Iankova failed to challenge the IJ's findings regarding their credibility and lack of corroborating evidence.

1. In their appeal to this court, Iankov and Iankova do not challenge the part of the BIA decision regarding whether their treatment met the statutory "persecution" requirement. Instead, their arguments focus on whether the BIA or the IJ incorrectly ruled that they were not credible and incorrectly required them to corroborate their factual claims. Because Iankov and Iankova do not challenge the BIA's legal determination regarding whether the treatment the couple alleged amounted to persecution, this court cannot consider of its own accord the correctness of that determination. With few exceptions, we do not consider claims not raised in a party's opening brief. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111 n. 1 (9th Cir.2000) (listing cases). And in the current case, Iankov and Iankova did not even challenge the BIA's dispositive legal determination in their reply brief, either, despite the fact that the INS previously had noted this omission in its brief. Since Iankov and Iankova fail to challenge an independent ground for the BIA's decision, the arguments that they do make, even if correct, cannot provide a basis for reversal.

2. In addition, Iankov and Iankova are precluded on this appeal from arguing that the IJ erred in holding that their testimony lacked credibility and required corroboration. As the BIA noted in its opinion, Iankov and Iankova's notice of appeal to the BIA "fail[ed] to address the Immigration Judge's findings regarding credibility and lack of corroborating evidence." For

that reason, the BIA did not review those findings on the merits. Although petitioners maintain that the reason for their failure to challenge the IJ's credibility findings is that he did not make any, that is not true. The IJ, in fact, concluded his oral decision by stating that he had found "numerous credibility problems with regard to the testimony and representations" of Iankov. When a party does not raise an issue before the BIA, and the BIA therefore has no opportunity to address it, the party may not argue the issue on appeal to the circuit court. *Singh–Bhathal v. INS*, 170 F.3d 943, 947 (9th Cir.1999); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994).

AFFIRMED.